UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA N. FOX,**

    **Plaintiff,**

v.                                                                  **Case No.: 8:19-cv-2795-T-60AAS**

**LAKE ERIE COLLEGE OF
OSTEOPATHIC MEDICINE, INC.,
a foreign not-for-profit corporation,
and EDITH OTT MYERS, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JEFFREY E. MYERS, RONALD
SHIVELY, and AARON SUSMARKSI,
individually,**

    **Defendants.**
_____/

## ORDER

Lisa Fox moves to quash or, in the alternative, for a protective order for the subpoenas *duces tecum* issued by Lake Erie College of Osteopathic Medicine, Inc. (Lake Erie) to non-parties Miami School of Law (Miami Law) and St. Petersburg College. (Doc. 39). Lake Erie opposes the motion. (Doc. 41).

**I.    BACKGROUND**

Ms. Fox brings this action against Ronald Shively (Lake Erie's Director of Student Affairs), Aaron Susmarski (Lake Erie's Director of Human Resources), and the estate of Jeffrey Myers (Lake Erie's former Associate General Counsel) after failing to obtain admission to Lake Erie's osteopathic medical school. (Doc. 12, ¶¶ 1-74). After Lake Erie rejected Ms. Fox's application for admission, she filed an

administrative complaint of age discrimination with the United States Department of Education. (*Id.* at ¶¶ 10-15). Ms. Fox withdrew her complaint on the agreement that Ms. Fox be admitted to Lake Erie's osteopathic medical school after she completed Lake Erie's Master of Medical Science program (MMS program), provided Ms. Fox complete the program with a minimum 3.2 grade point average. (*Id.* at ¶¶ 18-25). Ms. Fox did not maintain the 3.2 grade point average to secure admission to the medical school. (*Id.* at ¶¶ 26-74).

Ms. Fox claims Lake Erie misrepresented many aspects of the MMS program. (*Id.* at ¶¶ 75-80). In addition, Ms. Fox asserts Mr. Myers sexually harassed her while she was in the MMS program. (*Id.* at ¶¶ 81-108). Ms. Fox also claims that after she reported the alleged harassment by Mr. Myers, Lake Erie College, Mr. Shively, and Mr. Myers retaliated against her. (*Id.* at ¶¶ 110-115).

Lake Erie served non-party subpoenas *decus tecum* on Miami Law and St. Petersburg's College—educational institutions Ms. Fox attended before applying to Lake Erie in 2017. (Doc. 39-1). Specifically, Ms. Fox attended Miami Law from 1995 through 1998 and obtained her Juris Doctor degree. (Doc. 39, p. 2). Ms. Fox also completed Miami Law's Master of Laws program from 2002 through 2003. (*Id.*). Ms. Fox attended St. Petersburg College as a post-baccalaureate student from 2007 through 2015. (*Id.*).

Ms. Fox moves to quash these subpoenas or, in the alternative, for a protective order because the information sought is confidential and not relevant to the claims and defenses in this action. (Doc. 39). Lake Erie opposes the motion. (Doc. 41).

## III. ANALYSIS

The subpoenas *duces tecum* to Miami Law and St. Petersburg requests:

> Any and all records, including but not limited to grades, testings, evaluations, reports, absences, medical records, accommodations, notes, progress notes and/or financial aid applications, participation in any work study program, participation in any internship or apprenticeship program, any student employment records, or any and all other information or records you have for [Ms. Fox].

(Doc 39-1).

### A. Motion to Quash Non-Party Subpoenas

The court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P 45(d)(3)(A). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment. A party has standing to challenge a non-party subpoena if the party "alleges a 'personal right or privilege' with respect to the subpoenas." *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).

Ms. Fox contends the requested records are confidential. Because Ms. Fox has standing under Rule 26 to move for a protective order for the discovery of her educational records, the court need not determine whether Ms. Fox has standing under Rule 45. *See Baptiste v. Centers, Inc.*, No. 5:13-CV-71-Oc–22PRL, 2013 WL

3

3196758, at *2 (M.D. Fla. June 21, 2013) ("The Court, however, need not decide whether Plaintiff has standing under Rule 45 because she clearly has standing under Rule 26 to seek a protective order."); *see also Cafra v. RLI Ins. Co.*, No. 8:14-CV-843-T-17EAJ, 2015 WL 12844288, at *1 (M.D. Fla. Feb. 5, 2015) (holding that because the plaintiff has standing to move for a protective order for the discovery of school records, the court need not address the plaintiff's motion to quash); *Rindfleisch v. Gentiva Health Servs., Inc.*, No. 1:10-CV-3288-SCJ, 2011 WL 13143892, at *4 (N.D. Ga. May 26, 2011) (same).

### B.     Motion for Protective Order

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, a court must limit discovery if the information sought is unreasonably cumulative or duplicative or can be obtained from some other source more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). A party may request a protective order to prevent discovery that results in "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). *See also Auto-Owners Ins. Co.*, 231 F.R.D. at 429 ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information."). The standard for issuance of a protective order is good cause. Fed. R. Civ. P. 26(c)(1).

Educational records are protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. FERPA "'assure[s] parents and students …

that access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent.'" *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525-26 (N.D. Ga. 2012) (citation omitted). "FERPA does not create a privilege which protects against the disclosure of student information, rather, it provides for the imposition of sanctions against an offending institution." *Bigge v. Dist. Sch. Bd. of Citrus Cnty., Fla.*, No. 5:11-CV-210-OC-10TBS, 2011 WL 6002927, at *1 (M.D. Fla. Nov. 28, 2011). Disclosure may be made under a court order. 20 U.S.C. § 1232g(b)(1). However, courts impose a "significantly heavier burden" to show that a party's interests in obtaining an individual's educational records outweigh the significant privacy interests of a student. *See Alig–Mielcarek*, 286 F.R.D. at 526.

Lake Erie's subpoenas request disclosure of an overly broad range of information not relevant to the claims and defenses here. *See Sheets v. Villas*, No. 8:15-CV-1674-T-30JSS, 2016 WL 4001989, at *3 (M.D. Fla. July 26, 2016) (M.D. Fla. July 26, 2016) (granting motion for protective order for educational records because the subpoena requests disclosure of information and documents unrelated to the claims). For example, the subpoenas request "any and all records" related to Ms. Fox's "absences, medical records, accommodations, notes, progress notes and/or financial aid applications." (Doc. 39-1). This information is not relevant and instead appears to be an impermissible fishing expedition. *See Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("the discovery rules do not permit the [parties] to go on a fishing expedition"). Ms. Fox provided Lake Erie with her official transcripts from Miami

Law and St. Petersburg College when she applied to Lake Erie medical school in 2017. (Doc. 39, p. 2). Requesting Ms. Fox's absences, medical records, financial aid application, and other irrelevant documentation from these non-party educational institutions is not proportional to the needs of this action.

### III. CONCLUSION

Ms. Fox has shown good cause and therefore the motion to quash non-party subpoenas or, in the alternative, for protective order (Doc. 39) is **GRANTED** as to the non-party subpoenas issued to Miami Law and St. Petersburg College.

**ORDERED** in Tampa, Florida on December 2, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge